IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shirley Lunz, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  17 C 3882 |
| Icon Equities, LLC, Nevada limited liability company, and Viking Client Services, LLC, a Minnesota limited liability company, | ) ) ) ) ) ) | Judge Wood Magistrate Judge Kim |
| Defendants. | ) | Jury Demanded |

**AMENDED COMPLAINT**

Plaintiff, Shirley Lunz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Shirley Lunz ("Lunz"), is a citizen of the State of Texas, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Citibank credit card account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Icon Equities, LLC ("Icon"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Icon operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Icon was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, Viking Client Services, LLC ("Viking"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Viking operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Viking was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant Icon is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7.     Defendants Icon and Viking are both authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants Icon and Viking conduct

business in Illinois.

8. Moreover, Defendants Icon and Viking are both licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Icon and Viking act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Lunz is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citibank credit card account. At some point in time after this debt became delinquent, Defendant Icon allegedly bought Ms. Lunz's Citibank credit card account, and when Defendants began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendants' collection actions.

10. Specifically, Defendants sent Ms. Lunz a collection letter, dated November 6, 2016, demanding payment of the Citibank debt. A copy of this letter is attached as Exhibit C.

11. Accordingly, on January 29, 2107, one of Ms. Lunz's legal aid attorneys at LASPD informed Defendants that Ms. Lunz was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Lunz was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached at Exhibit D.

12. Nonetheless, Defendants sent Ms. Lunz, collection letters dated March 2, 2107 and April 7, 2017, demanding payment of the Citibank debt, and repeatedly called her home phone. Copies of these letters are attached at Group Exhibit E.

13. Accordingly on May 16, 2017, Ms. Lunz's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections. A copy of this letter is attached at Exhibit F.

14. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand the collection communications cease, Defendants' continued collection communications made Plaintiff believe that her demands had been futile and that she did not have the rights Congress had granted her under the FDCPA.

15. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

16. Defendants' collection actions complained of herein (the March 2, 2107 and April 7, 2017 letters to collect the debt, Group Exhibit E, and telephone calls), occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violations Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

4

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of debts that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the letter from Ms. Lunz's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment via collection letters (Group Exhibit E) and telephone calls, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violations Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew that Ms. Lunz was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Lunz was represented by counsel, and had directed a cessation of communications with Ms. Lunz (Exhibit D). By directly sending Ms. Lunz collection letters (Group Exhibit E) and calling her, despite being advised that she was

represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Shirley Lunz, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Lunz, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shirley Lunz, demands trial by jury.

            Shirley Lunz,

            By: <u>/s/ David J. Philipps</u>
            One of Plaintiff's Attorneys

Dated: June 9, 2017

David J. Philipps  (Ill. Bar No. 06196285)
Mary E. Philipps  (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 9, 2017 a copy of the foregoing **Amended Complaint** was filed with the District Court.  Notice of this filing will be sent to the following party via U.S. Mail, first class postage prepaid, before 5:00 p.m. on June 9, 2017.

Icon Equities, LLC
C/O National Registered Agents, Inc., as registered agent
208 S. LaSalle Street
Suite 814
Chicago, Illinois 60604

Viking Client Services, LLC
C/O Business Filings Incorporated, as registered agent
118 W. Edwards
Suite 200
Springfield, Illinois 62704

/s/ David J. Philipps_____

David J. Philipps (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com